84 F.3d 363
 34 Fed.R.Serv.3d 1585, 96 Cal. Daily Op. Serv. 3747,
96 Daily Journal D.A.R. 6121
 James Christopher DAHL, Plaintiff-Appellant,
and
Ronald L. Shugart, Plaintiff,
v.
CITY OF HUNTINGTON BEACH; Ron Lowenberg, Chief of Police;
Charles Conlosh, Officer individually and as an Officer of
the Huntington Beach Police Department; John Cottriel,
Officer individually and as an Officer of the Huntington
Beach Police Department; E. Krause, individually and as an
Officer of the Huntington Beach Police Department; Officer
Rand, individually and as an Officer of the Huntington Beach
Police Department, Defendants-Appellees.
James Christopher DAHL, Plaintiff,
and
Ronald L. Shugart, Plaintiff-Appellant,
v.
CITY OF HUNTINGTON BEACH; Ron Lowenberg, Chief of Police;
Charles Conlosh, Officer individually and as an officer of
the Huntington Beach Police Department; John Cottriel,
officer individually and as an Officer of the Huntington
Beach Police Department; E. Krause, individually and as an
Officer of the Huntington Beach Police Department; Officer
Rand, individually and as an Officer of the Huntington Beach
Police Department, Defendants-Appellees.
 Nos. 94-55971, 94-55972.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided May 28, 1996.
 
 Robert C. Moest, Fleishman, Fisher & Moest, Los Angeles, California, for plaintiff-appellant Dahl.
 Donald W. Cook, Los Angeles, California, for plaintiff-appellant Shugart.
 Mark D. Rutter, Moore & Rutter, Long Beach, California, for the defendants-appellees.
 On Appeal from the United States District Court for the Central District of California, Santa Ana, Alicemarie H. Stotler, District Judge, Presiding.
 Before: BRIGHT,* NORRIS, and WIGGINS, Circuit Judges.
 OPINION
 BRIGHT, Circuit Judge.
 
 
 1
 If there is a hell to which disputatious, uncivil, vituperative lawyers go, let it be one in which the damned are eternally locked in discovery disputes with other lawyers of equally repugnant attributes.[1]
 
 
 2
 This case illuminates the growing incivility among contending lawyers which mars our justice system and harms clients and the public interest. James Christopher Dahl and Ronald L. Shugart brought this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 against the City of Huntington Beach, California (City) and various police officers. After extensive delays and abusive discovery conduct by attorneys for both parties, the district court eventually dismissed the entire case with prejudice. Dahl and Shugart appeal. We reverse the district court because outright dismissal penalizes Dahl and Shugart for their counsels' bad behavior, but rewards the opposing parties, notwithstanding that opposing counsels' uncivil conduct also contributed to the discovery problems.
 
 I. BACKGROUND
 
 3
 Dahl and Shugart jointly filed suit in August 1991. Each alleged that in a separate incident he was viciously attacked by a police dog named "Brent" as he lay on the ground already restrained by officers, and that officers beat him and ordered the dog to bite him repeatedly. The injuries inflicted included deep dog bites on the thighs, groins, arms, and legs requiring stitches, permanent shoulder damage, and severe bruises. The City responded that the officers had acted reasonably and only with the force necessary to overcome Dahl's and Shugart's attempts to resist detention.
 
 
 4
 Discovery in the case proceeded at a slow, tortured pace. In late 1992, the court ordered Shugart's counsel Donald Cook to pay $2035 for filing a frivolous discovery motion. In September 1993, the City moved the court to compel Cook to pay the previously ordered sanction, and Cook did not oppose the motion. On October 18, 1993, the court granted defendants' motion and ordered Cook to pay $2035 and an additional $495 to cover defendants' costs. The court further directed all plaintiffs' counsel to pay $750 for failing to comply with a local rule. The court instructed counsel to pay these fines by October 25, and to file declarations in a specific clerk's office attesting to payment. Plaintiffs' counsel paid the $750, although one lawyer filed his declaration in the wrong clerk's office and another paid the fine a day late. Cook refused to pay the other fines, arguing he had been singled out unfairly and he had been unable to appeal the original sanction because it had not been "entered."
 
 
 5
 Throughout the process, the lawyers hindered the case's progress by missing deadlines and ignoring court directions. Under California's Central District Local Rule 9, counsel for the parties must meet at least forty days prior to the pretrial conference at a convenient time and place to exchange witness lists and exhibits, and plaintiffs must submit a memorandum of contentions of fact and law as well as a joint exhibit and witness list and joint pretrial order twenty-one days before the pretrial conference. After several delays, the court scheduled the pretrial conference for October 18, 1993, and the trial for December 14, 1993. On October 18, the parties were not prepared to proceed. At that time, the court warned that the case would be dismissed if Cook failed to pay the various discovery sanctions or to file the joint exhibit and witness list as required by Local Rule 9. The court later amended the order to extend it to all plaintiffs' counsel, and continued the pretrial conference until November 22, 1993.
 
 
 6
 On October 22, 1993, plaintiffs served a proposed joint exhibit list on defendants' counsel. Separate exhibit lists had apparently already been exchanged by the parties and the joint list was merely a consolidation of the separate lists. Counsel for plaintiffs also offered to make the voluminous exhibits available for inspection and copying at the offices of plaintiffs' counsel. Although the joint exhibit and witness list was due on November 1 pursuant to Local Rule 9, defendants did not sign or respond to plaintiffs' proposed list until November 10, when they asked that certain changes be made to it. Defendants simultaneously moved for dismissal of the action for noncompliance with Local Rule 9. Defense counsel argued plaintiffs had not complied with Local Rule 9 because Cook had made the exhibits available for inspection at his office rather than their offices,[2] and because no joint exhibit list had been filed by Cook or signed by defendants. Plaintiffs' counsel Cook asserted defendants' attorney had not responded to plaintiffs' requests for a Local Rule 9 meeting made on October 11, 18, and 22, and November 7 and 9. Apparently, the parties' lawyers got into yet another squabble over whose office would be the site of the Local Rule 9 meeting.
 
 
 7
 On November 12, 1993, the court dismissed the case with prejudice pursuant to Federal Rules of Civil Procedure 41(b) and 16(f). The court based the dismissal on Cook's failure to pay the ordered fine, on all plaintiffs' counsels' failure to follow the sanction payment procedure prescribed by the court, and on the failure to file the joint exhibit and witness list and joint pretrial order on time. Both Dahl and Shugart filed motions seeking to set aside the dismissal. The court denied those motions, and Dahl and Shugart appeal.
 
 II. DISCUSSION
 
 8
 Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Federal Rule of Civil Procedure 16(f) provides for the imposition of sanctions when an attorney disobeys a scheduling or pretrial order or is unprepared to participate in a pretrial conference.
 
 
 9
 Before imposing dismissal as a sanction, the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Id. This court reviews a district court's dismissal under rule 41(b) for abuse of discretion, determining whether the sanction was clearly outside the acceptable range based upon the facts of the particular case. Chism v. National Heritage Life Ins. Co., 637 F.2d 1328, 1331 (9th Cir.1981), overruled on other grounds, Bryant v. Ford Motor Co., 844 F.2d 602, 605 (9th Cir.1987) (en banc); see also Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir.1994).
 
 
 10
 Here, the court dismissed the case because the plaintiffs' attorneys had failed to pay sanctions in the manner prescribed by the court, one attorney had failed to pay sanctions altogether and a timely joint exhibit and witness list had not been filed. Under the particular facts of this case, we conclude the dismissal was improper because public policy strongly favored resolution of this dispute on the merits, outright dismissal penalized only one of two parties guilty of discovery abuse, and dismissal severely penalized plaintiffs Dahl and Shugart for their counsels' bad behavior.
 
 
 11
 In cases that implicate important public policy concerns, the court should weigh the public interest in the case and the preference for disposing of cases on their merits prior to granting dismissal. United States v. National Medical Enters., Inc., 792 F.2d 906, 913 (9th Cir.1986). The underlying claim of police brutality in this case is a serious one, calling into question the manner by which the state exercises its monopoly on the legitimate use of force. Thus, the public has an interest in having this case decided on the merits.
 
 
 12
 Furthermore, in arguing against the dismissal with prejudice, appellants Dahl and Shugart contend that the blame for the discovery delays at issue rests to some degree with the appellees. We agree. This unseemly extended dispute over whose office should be used for a meeting reveals both parties to be capable of unprofessional behavior. Although a party may be penalized for his counsel's actions, see Chism, 637 F.2d at 1332, this court has "acknowledge[d] that the degree of a plaintiff's personal responsibility for malfeasance is relevant to the propriety of dismissal." Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). Here, the unpaid sanctions were imposed only against counsel. Appellees have cited no authority for the proposition that dismissal is proper solely on the ground that counsel failed to pay a monetary sanction imposed against counsel. This is not surprising given that dismissal is "the most severe penalty" and is authorized only in "extreme circumstances." United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 & n. 5 (9th Cir.1988). Appellees' counsel appear to share the blame for the failure to file the joint exhibit and witness list-the only other ground on which the court based its dismissal. Under these particular circumstances, we deem it inappropriate to impose dismissal, and in effect the entire penalty upon the clients for recalcitrant behavior by their counsel as well as the opposition.
 
 
 13
 Attorney Cook also appeals the district court's imposition of money sanctions against him. The district court has great latitude in imposing sanctions for discovery abuse, and this court reviews such decisions for abuse of discretion. In re Akros Installations, Inc., 834 F.2d 1526, 1530 (9th Cir.1987). Here, the magistrate judge found several items Cook and other plaintiffs' counsel requested either duplicative of an earlier request which had been denied or so frivolous on their faces as to justify an award of attorneys fees. These October 1992 requests were duplicative only as to Cook (rather than all plaintiffs' counsel) because Cook alone had propounded the earlier request in November 1991. Upon plaintiffs' motion for review of the order, the district court reviewed the parties' arguments and the relevant documents and concluded the magistrate judge's imposition of sanctions was not clearly erroneous or contrary to law. On the record and briefs submitted, we cannot say the district court abused its discretion in imposing the money sanctions against Cook.
 
 
 14
 Accordingly, we REVERSE the district court's order dismissing this action. We AFFIRM the district court's imposition of monetary sanctions against attorney Cook.
 
 
 
 *
 The Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Krueger v. Pelican Prod. Corp., No. CIV-87-2385-A (W.D.Okla. Feb. 24, 1989) (Judge Wayne E. Alley) (order denying motion to dismiss action)
 
 
 [2]
 During earlier squabbles in September 1993, the defendants had made an ex parte application to the district court requesting the court to order the plaintiffs to come to their offices for a Rule 9 meeting. Plaintiffs had opposed the motion arguing that the burden was on plaintiffs to insure the filing of the pretrial order and that defendants' request was contrary to longstanding Central District practice. The court had denied the defendants' motion, noting that "[f]rom the parties' various filings, it is apparent to the Court that their failure to comply with Local Rule 9 results from a petty squabble over where the 40-day Meeting of Counsel will take place. The Court declines to involve itself in such matters and thus denies defendants' ex parte application...." (Excerpts of Record, pp. 115-116)