108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian BARNETT, Plaintiff-Appellant,
v.
James GOMEZ, Defendant,
and
A. Newland; M. Jensen; W. Brenegan; V. Schumacker; P.
Negrette; Peggy L. Kernan; James Silva; Donna
McKinney; J. Alexander, Defendants-Appellees.
 Nos. 95-16110, 96-15162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Barnett, a California state prisoner, appeals pro se the district court's (1) summary judgment in favor of defendant Negrette; (2) dismissal without prejudice under Fed.R.Civ.P. 41(b) of Barnett's remaining claims; (3) denial of Barnett's motion for reconsideration of the Rule 41(b) dismissal; (4) denial of Barnett's motion to rejoin defendants; and (5) denial of Barnett's motion to compel discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 After a de novo review of the record, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), we conclude that the district court did not err by granting summary judgment in favor of defendant Negrette because Barnett failed to establish that there was an authorized deprivation and because there is a meaningful postdeprivation remedy available, see Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 4
 Barnett contends that the district court abused its discretion by dismissing Barnett's remaining claims for lack of prosecution pursuant to Fed.R.Civ.P. 41(b) and by denying Barnett's motion for reconsideration of the dismissal. This contention lacks merit.
 
 
 5
 We review for abuse of discretion a district court's dismissal of an action for lack of prosecution, Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir.1996), and denial of a motion for relief from judgment, Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995).
 
 
 6
 We conclude that the district court did not abuse its discretion by dismissing without prejudice Barnett's remaining claims because Barnett refused service of five district court orders. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). We agree with the district court that Barnett's refusal to state verbally his prison identification number in order to receive legal mail does not constitute excusable neglect, and, accordingly, we affirm the district court's denial of his motion for relief from judgment. See Fed.R.Civ.P. 60(b).
 
 
 7
 Finally, we conclude that the district court did not abuse its discretion by denying as untimely both Barnett's motion to rejoin defendants Alexander, Silva, Kernan, and McKinney and his motion to compel discovery.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal