113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Advina CONNOLLY and Thomas Connolly, a married couple,
Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, a foreign corporation,
Defendant-Appellants.
 No. 96-15376.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 18, 1997.
Decided April 28, 1997.
 
 1
 Before: NOONAN and TROTT, Circuit Judges, and MOSKOWITZ*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Allstate Insurance Company appeals the district court's summary judgment in favor of Advina and Thomas Connolly (and the denial of Allstate's motion for reconsideration), in the Connollys' diversity action for a declaratory judgment that their Allstate automobile insurance policy included underinsured motorist ("UIM") coverage. Allstate denied UIM coverage for an accident involving Alvina Connolly. The district court granted summary judgment after excluding documents which indicated that Allstate had provided the Connollys with notice of the availability of UIM coverage, a prerequisite under Arizona law (ARS § 20-259.01(B)) to the denial of UIM coverage. We affirm.
 
 
 4
 * Allstate Insurance Company issued an automobile insurance policy insuring Thomas and Alvina Connolly. Under Arizona law all automobile insurance policies include "Underinsured Motorist Coverage" (UIM) regardless of the terms of the policy, unless the insurance company notifies the insured about the availability of Underinsured Motorist Coverage and the insured declines the coverage. Alvina and Thomas Connolly contend that they were not given notice that UIM was available, and therefore, that their policy with Allstate included such coverage.
 
 
 5
 The Connollys sued in state court and Allstate removed the action to federal court. The parties agreed in their joint scheduling report that initial disclosures would be made by the hearing on the Discovery Order on April 6, 1995. In the Discovery Order the judge required that all discovery be completed by May 1, 1995.
 
 
 6
 Allstate failed to comply with these deadlines. Allstate did not identify a crucial witness, Deborah Otte, until August 7, 1995, did not disclose certain documents until after the discovery hearing, and did not turn over the documents themselves until May 9, 1995. Ms. Otte's testimony was necessary to provide a foundation for the documents. Pursuant to FRCP 37(a) the district court refused to consider these documents or Ms. Otte's testimony when ruling on the parties' motions for summary judgment. The court granted summary judgment to the Connollys.
 
 II
 
 7
 The imposition of discovery sanctions is reviewed for an abuse of discretion. Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir.1996); Telluride Management Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 465 (9th Cir.1995) (FRCP 37).
 
 
 8
 Allstate neither requested nor received an extension of the discovery deadline beyond May 1, 1995. The district court specifically found there was no substantial justification for Allstate's failure to comply with the discovery deadlines. We do not disturb this finding. Allstate's excuse that it had only three weeks to find the documents does not wash. It had over a year to respond to the Connollys' UIM claim and suit and it identified Ms. Otte at least three months too late.
 
 
 9
 Allstate contends that it did comply with FRCP 26(a)(1)(B) by providing a "description" of the document informally during a telephone conversation with Connolly's counsel. Even if this description were adequate under 26(a)(1)(B), it was not timely. FRCP 26(a)(1)(B) applies only to the initial disclosures that the federal rules require before any formal discovery requests. Allstate confuses initial disclosures, which should have been completed prior to the scheduling conference of April 6, 1995, with all pre-trial disclosures, which the court ordered completed by May 1, 1995.
 
 
 10
 Characterizing the conversation as a pretrial disclosure rather than an initial disclosure fails to aid Allstate's appeal. Under FRCP 26(3)(C), a document provided as a pretrial disclosure must be "identified", a general description does not suffice.
 
 
 11
 Even if the court accepted Allstate's arguments regarding the documents, these arguments fail to justify the identification of Ms. Otte three months after the discovery deadline. Since Ms. Otte's affidavit was necessary to provide a proper foundation for the challenged documents, exclusion of her testimony would prevent the court from considering the challenged documents as well.
 
 
 12
 The district court's summary judgment in favor of the Connollys is AFFIRMED.
 
 
 
 *
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3