141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd Ferris LANDRATH, Plaintiff-Appellant,
v.
CITY OF PORTLAND; Vera Katz, City of Portland; Jeffrey L.
Rogers, City Attorney; Nancy E. Ayres, Senior Deputy City
Attorney; Mark R. Moline, Chief Deputy City Attorney;
Lanny Bennett, Bureau of Police; William P. Sinnott, Bureau
of Police; Vincent Moreshi, Bureau of Police; Chuck
Bolliger, Bureau of Police; Larry Siewert, Bureau of
Police; Shawnda L. Wynter, Bureau of Police; Richard
Gerety, Bureau of Police; Randy A. Kane, Bureau of Police;
Roger Haven, Liability Manager; Earl Blumenauer, City
Commissioner; Charlie Hales, City Commissioner; Gretchen
Kafoury, City Commissioner; Mike Lindberg, City
Commissioner; Mary Danford, Senior Deputy City Attorney of
the City of Portland; Linda Meng, Chief Deputy City
Attorney of Portland; Nancy Martin, Deputy City Attorney
for the City of Portland; Thomas Williams, Senior Deputy
City Attorney for the City of Portland; Charles Moose,
Chief, Bureau of Police for the City of Portland; CW
Jensen, Bureau of Police for the City of Portland; Gary
Crane, Bureau of Police for the City of Portland; Keith
Morris, Bureau of Police for the City of Portland; Jim
Hudson; Roy Allen, Bureau of Police for the City of
Portland; Robert Baxter, Bureau of Police for the City of
Portland, Defendants-Appellees.
 No. 97-35246.
No. CV 95-0604 MFM.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 5, 1998.
Decided March 24, 1998.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Floyd Ferris Landrath appeals the district court's dismissal of his action with prejudice for failure to comply with a court order to file a complaint that satisfies Fed.R.Civ.P. 8. We affirm in part and reverse in part.
 
 I. BACKGROUND
 
 3
 Landrath sued the City of Portland, Oregon, and various officials of the City (collectively "Appellees"), alleging that his civil rights were violated when he was arrested for activity relating to his attempts to change the laws regulating marijuana. Landrath also alleged a conspiracy among Appellees to "crush" his political movement to legalize marijuana. Finally, Landrath alleged that officials violated a state election law, O.R.S. § 260.432, resulting in federal civil rights violations.
 
 
 4
 The district court dismissed Landrath's complaint without prejudice for failure to comply with Fed.R.Civ.P. 8, warning that future failure to comply might result in dismissal with prejudice. Landrath then filed an amended complaint which Appellees moved to dismiss for, among other reasons, failure to comply with the court order to comply with Rule 8, and failure to state a claim pursuant to Rule 12(b)(6). Describing the amended complaint as "the same confusing calendar of events with unnecessary duplication and insufficient information," the court found that Landrath had failed to comply with the court's order to comply with Rule 8 and therefore dismissed the case with prejudice. In a footnote in its order, the court also indicated that the amended complaint failed to state a claim.
 
 
 5
 Dismissal of a complaint with prejudice for failure to comply with a court order to amend the complaint to comply with Rule 8 is reviewed for an abuse of discretion. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996).
 
 II. DISCUSSION
 
 6
 In deciding whether to dismiss a complaint, allegations of material fact are to be taken as true and construed in the light most favorable to the nonmoving party. See Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Landrath thus has arguably stated or may be able to state viable constitutional claims based on the following events: (1) his arrest at a neighborhood association meeting; (2) the alleged coercion of a pub owner to prevent Landrath from participating in a Hemp Awareness Weekend; and (3) his arrest for obstruction of a sidewalk. None of Landrath's other claims have merit.[1]
 
 
 7
 Dismissal with prejudice is "the most severe penalty and is authorized only in extreme circumstances." Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir.1996) (internal quotations omitted). Thus, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him or her to relief. See Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996); Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996).
 
 
 8
 The "harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial. Since harshness is a key consideration in the district judge's exercise of discretion, it is appropriate that he consider the strength of a plaintiff's case ... before determining whether dismissal with prejudice is appropriate."
 
 
 9
 McHenry, 84 F.3d at 1179 (quoting Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1053 n. 2 (9th Cir.1971)).
 
 
 10
 Accepting, as we must, Landrath's allegations regarding the above three incidents as true, we cannot conclude that he can prove no set of facts that would entitle him to relief. Although we understand the district court's frustration, given that Landrath may have meritorious claims, the district court's order dismissing Landrath's amended complaint, after only one opportunity to amend, was overly harsh.
 
 
 11
 Landrath's request for attorney's fees pursuant to 42 U.S.C. § 1988 is denied. Appellees' request for attorney's fees pursuant to 42 U.S.C. § 1988(b) and 28 U.S.C. § 1927, and for damages and costs pursuant to Fed.R.App.P. 38, is also denied. Each side shall bear his, her or its own costs on appeal.
 
 
 12
 The judgement is REVERSED with respect to the above three claims and is AFFIRMED in all other respects.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Landrath's state election law claims are unmeritorious for the reasons stated in our Memorandum disposition in the related case of Campaign for the Restoration & Regulation of Hemp v. City of Portland, No. 97-35168 (9th Cir. Mar.16, 1998), in which the allegations track the allegations made here. Landrath's allegations of a conspiracy pursuant to 42 U.S.C. § 1985(3) must fail because he cannot demonstrate "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (quoting Griffith v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)). Being a member of a group holding "unpopular" views does not fulfill the requirement because this is not a "class that requires special federal assistance in protecting its civil rights." McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990) (internal quotations omitted). Landrath's claims pursuant to 42 U.S.C. § 1986 must fail because a violation of § 1986 requires a violation of § 1985