**Phillip R. SANDERS, Plaintiff–Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant–Appellee.**

No. 97–55046.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1998.

Decided Sept. 4, 1998.

Charlotte E. Costan, Burbank, California, for plaintiff-appellant.

Joseph P. Mascovich, Crosby, Heafey, Roach & May, Oakland, California, for defendant-appellee.

Before: CANBY, and KLEINFELD, Circuit Judges, and PANNER,[1] District Judge.

Per Curiam Opinion; Dissent by Judge CANBY.

1. The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

■ Phillip Sanders appeals the district court's dismissal of his action with prejudice for failure to comply with the court's pretrial preparation order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). He also challenges the district court's denial of reconsideration pursuant to Rule 60(b), Federal Rules of Civil Procedure. We review both rulings for an abuse of discretion. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) (Rule 41(b) dismissal); *In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991) (denial of Rule 60(b) motion). Finding no abuse of discretion by the district court, we affirm.

## BACKGROUND

In June 1995, Sanders sued his employer, Union Pacific Railroad Co., under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, following a work-related back injury. The district judge set a trial date of November 19, 1996. He also scheduled a pretrial conference for November 8, 1996, and issued a form order concerning preparation for that conference. The order set forth a schedule for the filing of various motions, oppositions, proposed instructions, and other trial-related documents. The order's introduction warned the parties that a failure to comply could result in sanctions. The order repeated this admonition in its final paragraph, which stated in bold letters:

*Sanctions.* Counsel are advised that failure to comply with the procedures set forth in this order, including the duty to provide the court with updated documents as necessary, may result in sanctions, including but not limited to monetary sanctions, adverse evidentiary rulings, trial continuance, and dismissal of the action.

Several of the items required by the order, such as the proposed pretrial order, stipulated instructions, and list of stipulated exhibits, called for joint preparation. About a month before the pretrial conference, Union Pacific's attorneys wrote to Sanders's counsel, reminding him of the requirements of the pretrial order and requesting that he contact

them. Union Pacific asserts that its counsel again reminded Sanders's counsel about the pretrial order during a subsequent telephone conversation. Nevertheless, Sanders's counsel failed to comply with almost all of the requirements of the pretrial order.

The district court's order required motions in limine to be filed twenty-one days before trial. Union Pacific filed eleven motions in limine on time; Sanders's counsel filed one motion in limine six days late. The order required the parties to meet and confer regarding jury instructions, and to submit joint instructions fourteen days before trial. Sanders's counsel did not meet and confer, and submitted about fifty unilateral jury instructions. He submitted his exhibit, witness and expert witness lists two days late. The order required counsel to submit a trial brief fourteen days before trial; Sanders's counsel never submitted a trial brief. The order required joint preparation of a trial notebook, to be submitted fourteen days prior to trial; Sanders's counsel never conferred on the trial notebook and offered to submit a unilateral one only at the pretrial conference.[2] Sanders's counsel never submitted oppositions to Union Pacific's motions in limine, which were due fourteen days before trial. At no time prior to the pretrial conference did Sanders's counsel request a continuance.

Judge Ideman's law clerk presided over the pretrial conference, without any objection by Sanders. Sanders's counsel explained during the conference that he had been representing plaintiffs in a lawsuit in Nebraska involving a multiple-death train collision. His responsibilities in that other matter had lasted longer than he could have anticipated, and he therefore was unable to meet the pretrial order's deadlines. He further asserted that Union Pacific's attorneys were partially responsible for his failure to comply with the order because they had been uncooperative with him. Sanders's counsel made it clear that he was not ready to go to trial; he had further work to do on the case. He suggested a dismissal without prejudice; Union Pacific declined to agree to one. At

---

**2.** Fourteen days prior to trial, Union Pacific submitted its exhibit, witness and expert witness lists, its requested voir dire, its trial brief and memorandum of contentions, its objections to

Sanders's untimely motion in limine, and its own jury instructions and special verdict form proposed unilaterally because of the failure of Sanders's counsel to meet and confer.

the conclusion of the pretrial hearing, the presiding law clerk indicated that the case would be removed from the trial calendar, and that the judge would probably take additional action.

About a week after the pretrial conference, the district court dismissed Sanders's action with prejudice as a sanction for failure to comply with the pretrial order. The judge recognized in his order of dismissal that courts should impose such a dismissal only in extreme circumstances. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir.1996). He levied the sanction nevertheless because (1) Sanders's counsel had completely failed to comply with the pretrial order, (2) Union Pacific had already incurred "great pain and expense in preparing for trial," (3) other litigants before the district court would be inconvenienced by a delay in the present case, and (4) Sanders's case did not involve important questions of public policy. The district court then denied Sanders's subsequent Rule 60(b) motion for reconsideration.

## DISCUSSION

Before dismissing a case for failure to comply with a court order, the district court must consider:

(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990).

In the present case, by the time of the pretrial conference, Sanders's counsel had not filed a trial brief, trial notebook, or exhibit notebook. He also failed to timely file a witness list, expert witness list, exhibit list, or motions in limine. He filed proposed jury instructions, but they were not jointly prepared. He did not file oppositions to the defendant's eleven motions in limine, nor did he file proposed voir dire questions. These multiple failures undoubtedly impaired the defendant's efforts to prepare for trial. They were compounded by the absence of any attempt to secure a continuance, or to warn Union Pacific that Sanders would not be able to comply with the pretrial schedule or, indeed, with the trial schedule. Thus, the prejudice factor weighed substantially against Sanders. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987).

District courts in other cases have imposed a dismissal or default judgment only after lesser sanctions, such as fines, failed to cure an attorney's failure to comply with the court's rules or orders. *See, e.g., Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524–25 (9th Cir.1997). A pattern of progressively harsher sanctions is not an absolute prerequisite to dismissal, however; we have required only that the district court weigh the necessary factors, including the availability of less drastic sanctions, prior to dismissing. *See, e.g., Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.1986). Here, the district court weighed the factors and considered monetary sanctions, but determined that they were too lenient in light of the failure of Sanders's counsel to comply with almost every directive in the court's pretrial order. The district court also noted counsel's failure to request a continuance. By neglecting to alert the court or opposing counsel to his impending total failure to meet pretrial and trial deadlines, Sanders's counsel deprived the court of its best opportunity to impose lesser sanctions to force the litigation back onto track or to make timely alternative arrangements. Counsel's conduct left the court only with last-minute notice of a total failure of preparation, with a consequent disruption of the trial calendar.[3] In these circumstances, we conclude that the district court did not abuse

---

3. Sanders's counsel contends that the judge's trial schedule was not disrupted because the jury in an earlier case was still deliberating on the appointed trial date of November 19, 1996. The fact that a jury is deliberating, however, does not prevent a busy trial judge from beginning another trial.

its discretion in rejecting lesser sanctions than dismissal.[4] Trial judges are constantly struggling to avoid the increasing problems of delay and expense that threaten to overwhelm the courts. In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense.

Sanders's counsel suggested to the district court that voluntary dismissal without prejudice was an appropriate sanction. As the district court explained in its dismissal order, that sanction would have permitted Sanders to refile because the complaint was not yet time-barred. Because Sanders's counsel was admittedly unprepared for trial, dismissing without prejudice would have rewarded rather than sanctioned the attorney's misfeasance. The district court did not abuse its discretion in declining to dismiss without prejudice.

■ Sanders contends that the district court violated the Due Process Clause because it failed to notify him that a dismissal was imminent. In *Link v. Wabash Railroad Co.*, however, the Supreme Court suggested that Rule 41(b) was itself sufficient notice of a district court's authority to dismiss a case under the appropriate circumstances. *See* 370 U.S. at 626–30, 82 S.Ct. 1386 (1962). Moreover, in the present case, the court's order expressly advised Sanders that the court would consider dismissal as a sanction for failure to comply. The Court in *Link* also reasoned that "the availability of a corrective remedy such as is provided by [Rule] 60(b) . . . renders the lack of prior notice of less consequence." *Id.* at 632, 82 S.Ct. 1386.

Accordingly, we conclude that Sanders received sufficient notice.

■ Sanders also argues that he did not receive an adequate hearing prior to the dismissal. But "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633, 82 S.Ct. 1386. The district court did entertain and address the written explanation and argument of Sanders's counsel that was offered in support of the Rule 60(b) motion. Counsel was not denied an opportunity to be heard.

■ The district court also did not abuse its discretion in denying reconsideration under Rule 60(b). As in *Thompson v. Housing Authority*, 782 F.2d at 832, "[t]he record before us reflects no evidence of 'mistake, inadvertence, surprise, or excusable neglect,' or 'any other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)(1),(6)." Counsel's primary explanation for his state of unpreparedness at the pretrial hearing was his deliberate choice to give uninterrupted attention to a larger case. That choice of priorities does not excuse counsel from arranging compliance with the district court's orders or seeking timely relief therefrom.

## CONCLUSION

In light of the almost total failure of Sanders's counsel to comply with the pretrial order, we conclude that the district court did not abuse its discretion in dismissing Sanders's complaint with prejudice.[5]

**AFFIRMED.**

---

4. We note the importance to our decision of our restrained standard of review. We are reviewing a discretionary decision of the district court only for abuse of discretion. *Anheuser–Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995). We respectfully disagree with the dissent's characterization of Sanders's lawyers' defaults as having "all occurred at once." The lawyers faced a number of deadlines, at various times for various submissions. Sanders's lawyer ignored them all, because he was working on what was evidently a bigger case in another court. We also respectfully disagree with the dissent's position that the litigation was not inordinately delayed. The lawyer wanted what amounted to a unilaterally compelled con-

tinuance. Finding another date for a civil trial, mutually convenient to counsel, witnesses and the court, necessarily would involve significant delay, and because there was no excuse for the delay, it could fairly be characterized as inordinate.

5. We grant Sanders's motion to strike extraneous material from the supplemental excerpts of record. The affidavit of James C. Barclay was executed on December 18, 1996, and thus could not have been before the district court when it entered its order on December 17, 1996. We therefore have not considered the affidavit. *See Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077–78 (9th Cir.1988).

CANBY, Senior Circuit Judge, dissenting:

The position of the majority is understandable; district courts must be able to manage their dockets, and conduct such as that of Sanders' counsel cannot be tolerated. Dismissal, however, "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority,* 782 F.2d 829, 831 (9th Cir.1986). Although Sanders' counsel was guilty of multiple failures, they all occurred at once as part of his general failure to be ready for the pretrial conference and trial. This is not a case where the court was met with repeated instances of dilatory behavior over a span of time, *see id.* at 832, nor has the litigation been inordinately delayed. In these circumstances, I believe that dismissal with prejudice was an abuse of discretion.

The dismissal was entered by the court *sua sponte,* which means that counsel should have been warned that a dismissal was *imminent. See Oliva v. Sullivan,* 958 F.2d 272, 274 (9th Cir.1992). A boilerplate warning in a preprinted order, distributed before any problem has arisen, does not advise counsel that dismissal is *imminent.*

The district court correctly pointed out that counsel's failure to meet the schedule caused expense to Union Pacific and disruption of the court's calendar. Monetary sanctions, however, can alleviate the first problem. *See* Fed.R.Civ.P. 16(f). A dismissal does not cure the disruption of the court's calendar; it simply punishes. But it punishes Sanders, who has done no wrong, because of his attorney, who has. Monetary sanctions could be imposed on counsel alone.

The district court stated that "this case does not involve certain public policy considerations that would favor that the case be disposed of on its merits." It is true that public agencies are not involved as they were in *Dahl v. City of Huntington Beach,* 84 F.3d 363 (9th Cir.1996), but there is a strong national policy behind the Federal Employers Liability Act, which is that railroads whose fault causes injury to its workers should be required to pay compensation. That policy is disserved by depriving Sanders of his day in court in order to punish his lawyer. I would therefore reverse and remand for the imposition of other sanctions.