Chong LEE; Chue Xiong, Plaintiffs—Appellants,

v.

CITY OF STOCKON, CALIFORNIA; Ries, Lieutenant; Golden, Officer; Wertz, Defendants—Appellees.

No. 02–15168.

D.C. No. CV–00–00859–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided Feb. 19, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before TROTT, RYMER and TALLMAN, Circuit Judges.

MEMORANDUM**

Chong Lee and Chue Xiong appeal the district court's grant of summary judgment and denial of reconsideration in their lawsuit alleging that their son, Sing Xiong, was shot and killed by a Stockton police officer. Lee and Xiong also appeal the district court's decision to strike certain testimony they offered in opposition to Stockton's summary judgment motion and an order imposing sanctions and denying their motion to compel discovery. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

Lee and Xiong argue that summary judgment was improper because there is a genuine issue of material fact regarding whether Officer Wertz violated the Fourth Amendment and whether Sing's fatal gunshot wound was self-inflicted. The record shows that Officer Wertz attempted to conduct a lawful *Terry* stop, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and only fired her service weapon in response to Sing's shots directed toward her. The uncontradicted eyewitness testimony and forensic evidence in the record shows that Sing's fatal gunshot wound was self-inflicted. Accordingly, the district court correctly entered summary judgment in Stockton's favor, and did not abuse its discretion by denying plaintiffs' motion to reconsider.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

II

Lee and Xiong argue that the district court erred in denying their motion to compel a videotaped inspection of Plaza Robles High School, on campus depositions of school personnel and students during school hours, and the production of class attendance records for the day Sing committed suicide. Lee and Xiong also argue that the district court erred in imposing discovery sanctions.

We review the district court's rulings to deny discovery and impose sanctions for abuse of discretion. *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir.2002); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir.1996). As the information requested by Lee and Xiong was not necessary, the district court did not abuse its discretion either by denying discovery or by awarding sanctions.

III

Lee and Xiong argue that the district court erred by striking the expert testimony of John Bush and Dr. Michael Rigdon offered in support of plaintiffs' motion in opposition to summary judgment. Neither the Bush declaration nor Dr. Rigdon's letter established experience applicable to the proffered expert opinions. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (holding that district court should act as gatekeeper for all expert testimony). In addition, Dr. Rigdon's opinion was not offered in the form of testimony under oath. *See* FED. R. CIV. P. 56(e). Accordingly, the district court did not abuse its discretion in striking this testimony.

Finally, Lee and Xiong argue that the district court erred by striking the testimony of Victor Chapman concerning the

size of the bullets found in his truck because the district court should have considered this a lay opinion. A lay opinion under the Federal Rules of Evidence cannot be based on "scientific, technical, or other specialized knowledge." FED.R.EVID. 701(c). We hold that the district court did not abuse its discretion in striking this portion of Chapman's declaration.

AFFIRMED.

---

\* Jo Anne B. Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.