**Ricardo Rivera REYES, an individual, Plaintiff—Appellant,**

v.

**CITY OF GLENDALE; et al., Defendants—Appellees.**

No. 07–56588.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2009.*

Filed Feb. 17, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

 

Cynthia Anderson–Barker, Esquire, Donald W. Cook, Robert Mann, Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

Ann M. Maurer, Esquire, Miah Yun, Esquire, Glendale City Attorney's Office, Scott E. Caron, Esquire, Cindy S. Lee, Esquire, Lawrence Beach Allen & Choi, PC, Glendale, CA, Megan M. Hager, Esquire, Gregory L. Myers, Esquire, Myers & Mayfield, Fresno, CA, Dennis M. Cota, Esquire, Scott E. Huber, Cota Duncan & Cole, Roseville, CA, David L. Herman, Esquire, Madera, CA, for Defendants–Appellees.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Plaintiff Ricardo Rivera Reyes appeals the district court's dismissal for failure to prosecute his 42 U.S.C. § 1983 wrongful-incarceration action against Defendants City of Glendale, Los Angeles Sheriff's Department, City of Madera, Madera Police Department, County of Madera, and Justin Darby. Reviewing for abuse of discretion, *Dahl v. City of Huntington Beach,* 84 F.3d 363, 366–67 (9th Cir.1996), we reverse and remand.

** This disposition is not appropriate for publication and is not precedent except as provid-

"Dismissal ... is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Hous. Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir.1986) (per curiam).

[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal. Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion.

*Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999) (alteration, citations, and internal quotation marks omitted). The district court held that the public policy favoring disposition of the case on the merits (factor four) did not support dismissal, and we agree. Plaintiff appears to have a strong case on the merits and, as in *Dahl,* 84 F.3d at 366, "[t]he underlying claim of [wrongful incarceration] in this case is a serious one, calling into question the manner by which the state exercises its monopoly on the legitimate use of force. Thus, the public has an interest in having this case decided on the merits."

We hold that the district court clearly erred in holding that the other four factors "strongly support" dismissal. *See Leon*

ed by Ninth Circuit Rule 36–3.

*IDX v. Sys. Corp.,* 464 F.3d 951, 958 (9th Cir.2006) (reviewing for clear error the district court's findings). In particular, the public's interest in expeditious resolution of litigation (factor one) is outweighed by the potential merit of the underlying case. The delay of several days (factor three) was not lengthy and was not shown to prejudice the defendants. Finally, less drastic sanctions were readily available, including a sanction personally against the lawyer who repeatedly flouted the court's directives (factor five).

**REVERSED and REMANDED.**

GRABER, Circuit Judge, dissenting:

I respectfully dissent. Plaintiff missed numerous filing deadlines, failed outright to file certain documents, repeatedly failed to request leave of the court to file documents late, and filed documents in improper form. In contrast to many cases, the district court here issued a detailed ten-page written order describing the procedural history of the case and weighing the five factors. Although dismissal is a "harsh sanction," *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir.2006), I find no clear error in the court's factual findings, *see id.,* and would hold that "at least four factors support dismissal[ ] or ... at least three factors strongly support dismissal." *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999).

In particular, although the prejudice to Defendants was not as great as in other cases, the risk of prejudice to Defendants (factor three) nevertheless supports dismissal. Further, the public's interest in expeditious resolution of litigation (factor one), the court's need to manage its docket (factor two), and the availability of less drastic alternatives (factor five) all strongly support dismissal. The penultimate occasion on which Plaintiff filed a document late, in improper form, and without per-

mission, the district court imposed the harshest sanction short of dismissal by striking the document. When Plaintiff missed the next deadline and subsequently filed two more documents late, again in improper form, and again without permission, Plaintiff's lawyer stated: "I do not offer any excuses.... The Court's orders setting the deadlines were clear, and I read them." The majority would have imposed sanctions on Plaintiff's lawyer before dismissing the case but, reviewing for abuse of discretion, we are not to substitute our own judgment for the district court's. I therefore would affirm the district court's dismissal of this case.