MEMORANDUM **
Plaintiff Ricardo Rivera Reyes appeals the district court’s dismissal for failure to prosecute his 42 U.S.C. § 1988 wrongful-incarceration action against Defendants City of Glendale, Los Angeles Sheriffs Department, City of Madera, Madera Police Department, County of Madera, and Justin Darby. Reviewing for abuse of discretion, Dahl v. City of Huntington Beach, 84 F.3d 363, 366-67 (9th Cir.1996), we reverse and remand.
“Dismissal ... is so harsh a penalty it should be imposed as a sanction only in extreme circumstances.” Thompson v. Hotos. Auth. of L.A., 782 F.2d 829, 831 (9th Cir.1986) (per curiam).
[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: (1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal. . Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion.
Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir.1999) (alteration, citations, and internal quotation marks omitted). The district court held that the public policy favoring disposition of the case on the merits (factor four) did not support dismissal, and we agree. Plaintiff appears to have a strong case on the merits and, as in Dahl, 84 F.3d at 366, “[t]he underlying claim of [wrongful incarceration] in this case is a serious one, calling into question the manner by which the state exercises its monopoly on the legitimate use of force. Thus, the public has an interest in having this case decided on the merits.”
We hold that the district court clearly erred in holding that the other four factors “strongly support” dismissal. See Leon *70 IDX v. Sys. Corp., 464 F.3d 951, 958 (9th Cir.2006) (reviewing for clear error the district court’s findings). In particular, the public’s interest in expeditious resolution of litigation (factor one) is outweighed by the potential merit of the underlying case. The delay of several days (factor three) was not lengthy and -was not shown ■to prejudice the defendants. Finally, less drastic sanctions were readily available, including a sanction personally against the lawyer who repeatedly flouted the court’s directives (factor five).
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.