**NOT FOR PUBLICATION**

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAM BESS, | Case No. 09-15307 |
| Plaintiff - Appellee, | D. C. No. 2:07-cv-1989 JAM JFM |
| v. | |
| MATTHEW CATE; DAVID SHAW, | |
| Defendants - Appellants | |
| and | |
| RODERICK HICKMAN; JEANNE S. WOODFORD; JOHN DOVEY; SCOTT KERNAN; MARTIN HOSHINO, | |
| Defendants. | |
| SAM BESS, | Case No. 10-15990 |
| Plaintiff - Appellant, | D. C. No. 2:07-cv-1989 JAM JFM |
| v. | |
| MATTHEW CATE; DAVID SHAW; RODERICK HICKMAN; JEANNE S. WOODFORD; JOHN DOVEY; SCOTT KERNAN; MARTIN HOSHINO, | MEMORANDUM * |
| Defendants-Appellees. | |

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court

for the Eastern District of California

John A. Mendez, Presiding

Argued and Submitted February 16, 2011

San Francisco, California

Before:    Schroeder and Thomas, Circuit Judges, and Conti, District Judge [*]

Plaintiff Sam Bess appeals the order of the district court granting summary

judgment to Defendants on his First Amendment retaliation claim, Fourteenth

Amendment due process claims, and Racketeer Influenced and Corrupt Organizations

("RICO") Act claims. Plaintiff also appeals the orders of the district court striking the

declaration of his expert witness and denying his motion to continue summary judgment

proceedings. We affirm the decisions of the district court.

In a separate appeal from the same underlying dispute, Defendants Matthew Cate

and David Shaw appeal the order of the district court requiring them to produce

---

[**] The Honorable Samuel Conti, Senior District Judge for the Northern District of California, sitting by designation.

privileged documents and awarding expenses in favor of Plaintiff.  We do not address the appeal of the order to produce privileged documents because that issue is moot in light of our affirmation of summary judgment in the underlying dispute.[1]  We affirm the order of the district court awarding attorney's fees to Plaintiff.

The district court properly granted summary judgment in favor of Defendants on Plaintiff's claim that they retaliated against him for exposing the alleged use of peacekeepers in California prisons.  Plaintiff's complaints to Defendant Kernan were made pursuant to his job duties as a correctional officer and were therefore not protected by the First Amendment.  <u>Freitag v. Ayers</u>, 468 F.3d 528, 546 (9th Cir. 2006).  There was no evidence in the record that Defendants had knowledge of Plaintiff's protected speech at the time of the actions of which Plaintiff complains, much less that they acted in

---

[1] Accordingly, Defendants Cate and Shaw's outstanding Motion for Judicial Notice, which asks the Court to take notice of various statutes and a protective order in support of Defendants' argument that the district court erred in ordering them to produce privileged documents, is also denied as moot.  <u>See</u> Appeal No. 09-15307, Docket No. 27.

retaliation for Plaintiff's protected speech.  See Keyser v. Sacramento City Unified Sch.

Dist., 265 F.3d 741, 751 (9th Cir. 2001).

The district court properly granted summary judgment in favor of Defendants on

Plaintiff's due process claims.  There was no showing that Plaintiff was deprived of a

protected property interest.  Plaintiff was not subjected to constructive discharge.

Stiesberg v. Cal., 80 F.3d 353, 355 (9th Cir. 1996).  Plaintiff's claims that he was

deprived of numerous liberty interests also fail because: (1) there is no evidence in the

record that Defendants sought to prevent Plaintiff from exercising his whistleblower

rights under California law; (2) there is no evidence in the record that the Office of the

Inspector General declined to investigate Plaintiff's complaints because of Plaintiff

having exercised his constitutional rights; (3) there is no authority supporting Plaintiff's

claim that Cal. Code Regs. tit. 8, § 3202(a)(3) required Defendants to disclose the

contents of threat assessments; (4) there is no evidence that Defendants violated

Plaintiff's First Amendment rights; and (5) there is no evidence that Defendants' actions impaired Plaintiff's reputation for honesty or morality.

The district court properly granted summary judgment to Defendants on Plaintiff's RICO Act claims because Plaintiff's alleged injury to his business or property was proximately caused by a personnel decision (his transfer), not by racketeering activity. He therefore lacks RICO standing. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) (holding that employee fired for refusing to participate in cover-up of illegal scheme lacked standing to assert civil RICO claim against employer).

The district court did not abuse its discretion by striking the declaration of Plaintiff's expert witness. This Court affords "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). There was ample support for the district court's finding that numerous portions of the declaration exceeded the

scope of the expert's report in violation of Federal Rule of Civil Procedure 26(a)(2)(B).[2]

Federal Rule of Civil Procedure 37(c)(1) forbids the use at trial or on a motion of any information not properly disclosed under Rule 26(a) unless the failure to disclose is substantially justified or harmless. Id. The record indicates that the failure to disclose was not justified or harmless in this case, and the district court's decision to exclude the declaration was therefore proper.

The district court did not abuse its discretion by denying Plaintiff's motion to continue summary judgment proceedings pursuant to Federal Rule of Civil Procedure 56(f). Plaintiff failed to set forth the specific facts he hoped to elicit from further discovery, establish a basis for believing those facts existed, or explain how those facts were essential to opposing summary judgment. Family Home Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

---

[2] The Court has considered Plaintiff's outstanding Motion to Supplement the Record. Appeal No. 10-15990, Docket No. 8. The Motion seeks to supplement the record with excerpts of expert witness Ana Ramirez-Palmer's deposition testimony. As the excerpts in question were already quoted in Plaintiff's opening brief, they have been considered by the Court in reaching this ruling. Accordingly, the Motion to Supplement is denied as moot.

Finally, the district court did not abuse its discretion by affirming the magistrate's award of attorney's fees and costs to Plaintiff based on Defendants Cate and Shaw's insufficient responses to discovery requests. A district court has great latitude in imposing sanctions for discovery abuse. Dahl v. City of Huntington Beach, 84 F.3d 363, 367 (9th Cir. 1996). There was ample support for the magistrate judge's order. Despite well-established law that parties seeking to invoke privileges are not permitted to provide mere blanket objections to discovery requests, Defendants Cate and Shaw lodged blanket objections and failed to "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." Burlington N. & Santa Fe Ry. v. Kapsner, 408 F.3d 1142, 1148 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(5) advisory committee note (1993 Amendments)). The award of attorney's fees and costs to Plaintiff was well within the magistrate judge's discretion, and the ratification of the magistrate's decision was well within the discretion of the district court. Grimes v. City and Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991) (affirming district court's ratification of

magistrate judge's award of attorney's fees and other monetary sanctions against the City

of San Francisco for failure to respond to discovery requests).

**AFFIRMED.**