Emma J. CONNOLLY, Plaintiff–Appellant,

v.

NATIONAL SCHOOL BUS SERVICE, INC., et al., Defendants–Appellees.

No. 98–1679.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 2, 1998.

Decided April 28, 1999.*

---

* Judge Cummings died April 24, 1999, after this opinion was written by Judge Cummings and approved by Judges Bauer and Kanne.

Ernest T. Rossiello (argued), Rossiello & Associates, Chicago, IL, for Plaintiff–Appellant.

Nancy G. Lischer, Timothy G. Shelton (argued), Hinshaw & Culbertson, Chicago, IL, for Defendants–Appellees.

Before CUMMINGS, BAUER and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Emma Connolly left her job as a school bus driver for the National School Bus Service ("National") after allegedly suffering sexual harassment and then retaliation for complaining to National about the sexual harassment. Connolly brought suit against National and National's holding company under 42 U.S.C. §§ 2000e–2(a) and 2000e–3(a), asking for compensatory damages of $30,000 and $10,000 in punitive damages. The suit against National's holding company was dismissed with plaintiff's consent. On the eve of trial, National settled the claim for $10,000 and agreed to provide Connolly with a letter verifying her prior employment with National. In their settlement, the parties agreed to litigate the issue of plaintiff's attorneys' fees, the dispute over which leads to this appeal.

At the outset of her case, Connolly signed a modified contingent fee agreement with her attorneys, Ernest Rossiello & Associates, by which she agreed to pay a $7,500 flat fee regardless of the time spent on the case or any damages recovered. She also assigned Rossiello one-third of any eventual recovery (calculated on the basis of the settlement amount or jury award without subtracting costs or the $7,500 flat fee) as well as her statutory right to attorneys' fees. The contract did not allow for an offset of the $7,500 flat fee against the contingent fee recovery. After Connolly agreed to settle her claim for $10,000, she owed Rossiello $10,833 for a $10,000 recovery. Rossiello, however, has indicated that he required Connolly only to pay the $7,500 flat fee, waiving the one-third contingent fee recovery. Rossiello then petitioned the district court to award him $97,135.85 in statutory attorneys' fees and costs.

The principal lawyer on the case was not Rossiello, but Elena M. Dimopoulos, in her second year of practice in 1996 when the case began. Melinda H. Brom and Annice Kelly, fourth and fifth-year associates respectively, did a little work on the case. Rossiello's work consisted principally of supervising these associates. In his petition, Rossiello submitted the following costs and attorneys' fees:

| | | |
|---|---|---|
| Ernest T. Rossiello, 81.3 hours @ $320/hour | = | $26,016.00 |
| Elena M. Dimopoulos, 261.8 hours @ $220/hour | = | $57,596.00 |
| Melinda H. Brom, 8.10 hours @ $190/hour | = | $ 1,539.00 |
| Annice Kelly, 1.6 hours @ $220/hour | = | $ 352.00 |
| Paralegal Time, 47.25 hours @ $102.50/hour | = | $ 4,843.12 |
| Expenses of Suit | = | $ 6,789.73 |
| Total | = | $97,135.85 |

Section 2000e–5(k) provides that a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs." We review a district court's award of attorneys' fees for an abuse of discretion. *Evans v. Evanston*, 941 F.2d 473, 476 (7th Cir.1991). This deferential standard of review "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40.

A plaintiff who has settled a case is considered a prevailing party if she has achieved some success on the merits and can point to a resolution that has changed the legal relationship between herself and defendant. *Farrar v. Hobby*, 506 U.S. 103, 109–111, 113 S.Ct. 566, 121 L.Ed.2d 494; *Hewitt v. Helms*, 482 U.S. 755, 760–761, 107 S.Ct. 2672, 96 L.Ed.2d 654. A settling party may be considered a prevailing party because "one may prevail by persuading one's adversary to retire from the field." *Stomper v. Amalgamated Transit Union,*

27 F.3d 316, 317 (7th Cir.1994). This Court has developed a two-part test for determining whether a plaintiff who settles is a prevailing party: "1) whether the lawsuit was causally linked to the relief obtained, and 2) whether the defendant acted gratuitously, that is, the lawsuit was frivolous, unreasonable or groundless." *Fisher v. Kelly,* 105 F.3d 350, 353 (7th Cir.1997). Over National's objections, the district court determined that Connolly was a prevailing party and that the relief she obtained was not de minimis. The district court accordingly found Connolly entitled to statutory attorneys' fees. On appeal, National does not renew its contention that Rossiello was not entitled to some statutory attorneys' fee award.

What does precipitate this appeal are Rossiello's objections to Judge Lindberg's calculation of reasonable attorneys' fees. As noted above, Rossiello claimed $97,135.85 for his work and that of his associates. Judge Lindberg began his calculation of reasonable attorneys' fees by calculating a lodestar figure equal to the number of hours Rossiello and his associates reasonably expended on the case multiplied by the market rate for the services each provided. In calculating the lodestar, Judge Lindberg excluded those hours Rossiello claimed which were either duplicative or not clearly related to Connolly's case. He then reduced the rates claimed by Rossiello and his associates, believing them to exceed the market rates for attorneys in the Chicago area of similar experience in employment discrimination cases. Judge Lindberg further cut this lodestar amount in half due to Connolly's limited success and then reduced this new sum by a third based on his view that Rossiello's dilatory litigation tactics had unduly prolonged the litigation. Judge Lindberg arrived at a fee award of $23,281.16. 992 F.Supp. 1032, 1040.

On appeal, Rossiello does not challenge the district court's minimal reductions in the hours worked by him and his associ-

ates. He does however take issue with the district court's reductions in the hourly rates he claimed for himself and his associates as well as the reductions for limited success and unduly prolonging the litigation.

■■■ Rossiello contends that the district court judge erred in not awarding him the "market rate" for his and his associates' services. We think this argument misunderstands the meaning of a market rate. Rossiello seems to believe our decisions requiring a district court to apply the "market rate" mean that a district court judge is bound to award him whatever billing rate appears in his books. While it is true that the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate, *Gusman v. Unisys Corp.,* 986 F.2d 1146, 1150 (7th Cir.1993), "if the court is unable to determine the attorney's true billing rate, however (because he maintains a contingent fee or public interest practice, for example), then the court should look to the next best evidence—the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1310 (7th Cir. 1996) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891). In calculating the market rate, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Blum,* 465 U.S. at 896 n. 11. Once an attorney comes forward with such evidence, the burden shifts to the defendant to present evidence establishing "'a good reason why a lower rate is essential.'" *People Who Care,* 90 F.3d at 1313 (quoting *Gusman,* 986 F.2d at 1151).

Rossiello submitted billing records and copies of cases in which other district courts had awarded him the rates he was requesting of Judge Lindberg. Judge Lindberg found that two of the cases Ros-

siello submitted provided little guidance because they contained no explanation of how the district court determined a market rate. In the third case submitted, Judge Lindberg noted that in making his award the district court judge had specifically relied on the fact that defendant's counsel had failed to provide any evidence in that case that plaintiff's counsel's rates exceeded the market rate. In marked contrast, National provided Judge Lindberg with multiple affidavits from other attorneys with experience similar to Rossiello's stating that Rossiello's rates for himself and his associates greatly exceeded the rates those attorneys would ordinarily charge in similar cases. We find no abuse of discretion in Judge Lindberg's awarding rates of $285/hour for Rossiello, $140/hour for Dimopoulos, $160/hour for Brom, and $175/hour for Kelly.

Rossiello disputes Judge Lindberg's reduction of fees for his "limited success." The Supreme Court has written that success is the most significant of the *Hensley* factors for a district court judge to consider in deciding what is a reasonable fee. *Hensley,* 461 U.S. at 436. Although success is the most significant of the *Hensley* factors, this Court has repeatedly rejected the contention that a district court should look to the percentage of the plaintiff's initial demand actually recovered through settlement or judgment and then mechanically reduce the attorney's fee award by a proportionate amount. *Sheehan v. Donlen Corp.,* 173 F.3d 1039, —— (7th Cir.1999); *Alexander v. Gerhardt Enterprises, Inc.,* 40 F.3d 187, 194 (7th Cir.1994); *Wallace v. Mulholland,* 957 F.2d 333, 339 (7th Cir.1992). Nor has this Court ever held that an attorney's fee award is unreasonable simply because it exceeds by some multiple the amount recovered by the plaintiff, notwithstanding the concerns in *Riverside v. Rivera,* 477 U.S. 561, 584–586, 106 S.Ct. 2686, 91 L.Ed.2d 466 (Powell, J., concurring) and *Cole v. Wodziak,* 169 F.3d 486, 488 (7th Cir.1999). See, e.g., *Estate of Borst v.*

*O'Brien,* 979 F.2d 511, 517 (7th Cir.1992) (attorneys' fee award 47 times plaintiff's recovery not unreasonable). In determining an appropriate attorney's fee, we have rejected mechanical rules which call on a court simply to compare the amount demanded and the amount recovered because federal antidiscrimination law vindicates important public interests which may not be reflected in the size of a particular recovery. See, e.g., *Zagorski v. Midwest Billing Services,* 128 F.3d 1164, 1166 (7th Cir.1997); *Hyde v. Small,* 123 F.3d 583, 585 (7th Cir.1997).

Thus, in determining the degree of success a plaintiff has obtained, this Court has used a three-part test derived from Justice O'Connor's concurrence in *Farrar,* 506 U.S. at 121–122. Under this test, "we look at the difference between the judgment recovered and the recovery sought, the significance of the legal issues on which the plaintiff prevailed and, finally, the public purpose served by the litigation." *Cartwright v. Stamper,* 7 F.3d 106, 109 (7th Cir.1993). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Bankston v. State of Illinois,* 60 F.3d 1249, 1256 (7th Cir.1995). See also, *Zagorski,* 128 F.3d at 1167 n. 5 (citing cases).

Judge Lindberg reduced plaintiff's attorneys' fees below the adjusted lodestar amount based on his view that the $10,000 plaintiff received in settlement represented only minimal success in light of her initial $40,000 demand and that the litigation served only a limited public value. Relying on *Spellan v. Board of Education,* 59 F.3d 642, 646 (7th Cir.1995), Rossiello contends that percentage reductions beyond the lodestar are impermissible where a plaintiff's claim is based-as Connolly's was—on related factual and legal theories. Rossiello reads the statement in *Spellan* that "[u]nder the Hensley paradigm, a court must consider whether the plaintiffs have asserted any unsuccessful claims that are 'distinctly different' from the claims on which the plaintiffs prevailed," *id.,* to for-

bid a district court to reduce the lodestar amount except in cases where a plaintiff presents "distinctly different" claims. *Spellan*, however, carefully distinguishes between those cases in which a plaintiff lodges "distinctly different" claims and those in which claims are factually or legally related. *Spellan* excludes fees for unsuccessful, distinctly different claims, but for factually or legally related claims directs a district court to look to the "overall results obtained," *id.*, in determining whether a percentage reduction for limited success is appropriate. This is exactly the procedure Judge Lindberg followed in this case, and we find no abuse of discretion.

After the 50% reduction for limited success, the district court further reduced the lodestar by another third based on its view that Rossiello's litigation tactics had unreasonably delayed resolution of the claim. The district court had ample evidence of these dilatory tactics. Rossiello rejected increasing settlement offers of $12,500, $20,000, and $25,000, only to accept a $10,000 offer which allowed Rossiello to litigate the size of his attorney's fee. The court believed that Rossiello refused the district court's order to conduct settlement negotiations with Connolly present because she might wish to accept an offer of settlement in her interests, but which did not meet those of Rossiello. The district court's impressions were confirmed when, in an apparent attempt to explain to the court why he refused to settle, Rossiello made an unusual concession that "this case is all about fees."

Rossiello weakly replies that the "record shows no extraordinary prolongation of the proceedings," but, with one exception discussed below, fails to address the specific facts upon which the district court relied in reaching its decision. Rossiello asserts that National could have made an offer of judgment under Fed.R.Civ.P. 68, which would have limited the potential award of attorneys' fees. But National's decision not to make a Rule 68 offer has nothing to do with whether Rossiello unduly prolonged the litigation.

Contrary to Rossiello's contentions, Judge Lindberg had ample evidence before him of Rossiello's dilatory tactics. Given the deference we show to a district court judge's determination of reasonable attorneys' fees, we would ordinarily affirm Judge Lindberg's reduction from the lodestar amount based on the record before us. Rossiello, however, legitimately complains of one factor Judge Lindberg relied on in reaching his decision.

Shortly before the scheduled trial date, Judge Lindberg ordered the parties to meet with his law clerk in order to mediate the dispute. Rossiello refused to allow his client to meet with the law clerk. In reducing Rossiello's award, Judge Lindberg cited Rossiello's refusal to mediate as one of the reasons he believed Rossiello to have unreasonably delayed the disposition of the case. We believe Rossiello had no obligation to mediate before the judge's law clerk and that reduction of his attorney's fee award on this basis was therefore an abuse of discretion.

We do not know how common it is for a district court to order parties to mediate before a law clerk, but believe the practice to be relatively rare. At oral argument, counsel for both parties reinforced our impression. In his decision reducing Rossiello's fee, Judge Lindberg refers to Rossiello's "peremptory dismissal of the court's law clerk, who was directed to speak to plaintiff and mediate between the parties during negotiations, which the court has found to be a successful method of facilitating settlement." 992 F.Supp. at 1040. This statement contains a critical ambiguity in that it is unclear whether the practice being endorsed is mediation in general or mediation before a law clerk. Thus, we are unable to discern from Judge Lindberg's opinion the frequency with which parties are ordered to mediate before his law clerk in his courtroom. In any case, and regardless of the frequency with which

law clerk mediation is undertaken, we believe the practice to be improper.

Rossiello makes much of the fact that at the time the law clerk had only recently been admitted to the bar and did not have sufficient familiarity with the facts of the case. We do not find either factor particularly significant. One could be a quite effective mediator without being versed in the minutiae of a case. For this same reason, we do not find the law clerk's recent admission to the bar particularly significant. We see no necessary correlation between a person's skill in facilitating settlement and the amount of time which has passed since their admission to the bar.

However, we do not believe that Fed.R.Civ.P. 16(a), which gives district court judges the power to conduct pretrial settlement conferences, allows a district court judge to delegate this power to a law clerk. Law clerks serve as judicial adjuncts. Their duties and responsibilities are to assist the judge in his work, not to be the judge. A judge's law clerk may therefore properly assist the judge in the judge's settlement efforts, but to allow the clerk rather than the judge to conduct a settlement conference is to confuse the adjunct with the judge.

We acknowledge that subsequent to the filing of this appeal, Judge Lindberg issued a short unpublished order seeking to clarify his law clerk's involvement in the mediation efforts. Judge Lindberg's order does not mollify our concerns. In the order, he reaffirms that he suggested to the litigants in this case that they mediate before his law clerk, a suggestion we find improper. Though he does acknowledge Rossiello "had every right to decline [the invitation to mediate]," he confirms our understanding that the attorneys' fees were reduced in part because of this refusal. He writes: "[t]he opinion on the motion for fees included a reference to my law clerk for the sole purpose of illustrating how Mr. Rossiello delayed the resolution of the case by refusing to cooperate with the settlement procedures established by the court."

Since the suggestion that the parties mediate before Judge Lindberg's law clerk was improper, Rossiello was well within his rights to refuse the invitation. He therefore cannot be punished for this refusal through a reduction in the award of statutory attorneys' fees. We conclude that it was an abuse of discretion to reduce the attorneys' fee award based on Rossiello's refusal to have the district court's law clerk mediate the case. On remand, the district court may well conclude that other factors besides the failure to meet with his law clerk merit a reduction in the attorneys' fee award due to unreasonable delay. We leave this decision to the sound discretion of the district court. The district court may not, however, consider Rossiello's refusal to meet with the district court judge's law clerk in determining whether Rossiello unreasonably delayed settlement.

REVERSED and REMANDED for further consideration consistent with this opinion.