**Phillip R. SANDERS, Plaintiff–Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant–Appellee.**

**No. 97–55046.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1998

Decided Sept. 4, 1998

Rehearing En Banc Granted and Opinion Withdrawn June 15, 1999

Argued and Submitted Aug. 19, 1999

Filed Oct. 26, 1999

Charlotte E. Costan, Burbank, California, for the plaintiff-appellant.

Joseph P. Mascovich, Crosby, Heafey, Roach & May, Oakland, California, for the defendant-appellee.

Before: HUG, Chief Judge, and BROWNING, SCHROEDER, CANBY, O'SCANNLAIN, TROTT, RYMER, TASHIMA, THOMAS, McKEOWN, and WARDLAW, Circuit Judges.

RYMER, Circuit Judge:

Phillip Sanders appeals the district court's sua sponte dismissal of his action with prejudice for failure to comply with the court's pretrial preparation order.

In June 1995, Sanders filed an action against Union Pacific Railroad Company under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60. The case was assigned to Judge James M. Ideman. The court set a trial date of November 19, 1996 and a pretrial conference date of November 8. Its standard form pretrial conference order also required the parties to submit certain documents twenty-one days before trial and others fourteen days before. The form order warned that failure to comply could result in sanctions, including dismissal.

As of the pretrial conference, Sanders's counsel had not filed a trial brief, memorandum of contentions of fact and law, responses to Union Pacific's motions in limine, or proposed voir dire questions as he should have. His motion in limine was filed six days late, and his witness, exhibit and expert witness lists were filed the day before the conference, two days late under the order. Counsel failed to meet and confer with Union Pacific despite requests that he do so, as a result of which no joint exhibit notebook, joint proposed jury instructions, or joint trial notebook was submitted.

The final pretrial conference was held as scheduled, except that Judge Ideman's law clerk presided. Sanders's counsel said that he had been involved in a complex FELA action in Nebraska and asked for an opportunity to explain to the judge why he had been unable to comply with the order. The law clerk told counsel for both parties that the trial date would be vacated and that the court would probably set the matter for hearing on an order to show cause.

Nevertheless, on November 15, Judge Ideman's courtroom deputy notified counsel that the case had been dismissed with prejudice. That same day the court issued a written order vacating the trial date and dismissing the case pursuant to Federal Rule of Civil Procedure 41(b).[1] Sanders's counsel then filed a motion to set aside the judgment pursuant to Rule 60(b), which the court denied without a hearing.

Sanders urges us to hold that the court was obliged to warn counsel and client of

---

1. This order did not touch all of the bases we have previously said a district court must touch before imposing dismissal as a sanc- tion. *See Dahl v. City of Huntington Beach,* 84 F.3d 363, 366 (9th Cir.1996).

imminent sua sponte dismissal and to have dismissed without prejudice instead of with prejudice, while Union Pacific argues that the court did not abuse its discretion because Sanders was warned in the order and had clearly failed to comply by the time the pretrial conference occurred. At the same time, Union Pacific acknowledges that the "pretrial conference" wasn't a pretrial conference in the normal sense and that our analysis is hampered by the lack of a record about what happened there.

We decline to dissect what happened in this case and to prescribe a recipe for how and when an action may be dismissed, with or without prejudice, for failure to follow the pretrial rules. This is a unique case. Suffice it to say that where, as here, the district judge allows his law clerk to conduct the final pretrial conference, declines to give counsel an opportunity to be heard before the court, and then dismisses the action sua sponte with prejudice, we cannot let the dismissal stand.

Counsel was plainly derelict in meeting his Rule 16 obligations, but so was the district judge. In different circumstances, where the district court exercises its own discretion in a deliberate, informed and reasonable way, we would accord it considerable deference.[2] *See, e.g., Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). But we cannot see how any deference is warranted in these circumstances. Accordingly, we vacate all orders entered after the pretrial conference and remand for another district judge to consider afresh how to proceed.[3] In so doing, we express no opinion about how

the new judge's discretion should be exercised. Rather, we simply put the parties back to square one.

### REVERSED AND REMANDED.

TASHIMA, Circuit Judge, with whom WARDLAW, Circuit Judge, joins, concurring:

I concur fully in Judge Rymer's majority opinion. I write separately to address an additional point.

As the majority opinion points out, the so-called pretrial conference was presided over by a law clerk. I do not believe there can be any doubt that a law clerk cannot preside over a pretrial conference. Rule 16 specifically provides that *"the court* may in its discretion direct the attorneys for the parties … *to appear before it* for a conference … before trial…." Fed. R.Civ.P. 16(a) (emphasis added). The rule also recognizes that, where authorized by local rule, the conduct of the scheduling and planning conference may be delegated to a magistrate judge. Fed.R.Civ.P. 16(b). No such comparable, specific delegation authority appears in Rule 16 with respect to the final pretrial conference. *See* Fed. R.Civ.P. 16(d).[1] From this carefully constructed rule and its narrowly circumscribed delegation authority, it can be gathered that a pretrial conference is a judicial proceeding and a judicial proceeding can be conducted only by a judicial officer. *Cf. Riley v. Deeds,* 56 F.3d 1117, 1122 (9th Cir.1995) (convening of court by law clerk who directed court reporter to

---

**2.** Likewise, a Rule 60(b) motion and the court's ruling on it may sometimes cure deficiencies in the initial award of sanctions. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). But the later ruling cannot rescue the earlier one here, since it is inextricably intertwined with the initial order, which resulted from a conference over which the judge did not preside.

**3.** Judge Ideman resigned from the federal bench after the decision was rendered in this case. For this reason we do not need to decide whether this action should be reassigned to the calendar of a different district

judge; it will necessarily be assigned to a new judge in any event.

**1.** I note, however, that the Magistrates Act authorizes designated magistrate judges "to hear and determine any pretrial matter pending before the court," with certain exceptions. 28 U.S.C. § 636(b)(1)(A). The Act also provides that "[a] magistrate may be assigned to such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). We need not explore in this case whether these provisions authorize a magistrate judge to preside over a final pretrial conference under Rule 16(d).

read back testimony to jury in absence of judge was structural constitutional error requiring reversal). A law clerk is not a judicial officer and cannot conduct a judicial proceeding, including a final, Rule 16(d) pretrial conference.

Judge Ideman must have been aware of these strictures because he appears to have taken steps to ensure that the pretrial conference did not become a matter of record. There is no entry on the docket of this case, no Clerk's Minute Order, that a pretrial conference was ever held. Nor, contrary to the requirement of the Court Reporters Act, which requires all proceedings of the district court to "be recorded verbatim," 28 U.S.C. § 753(b), were the pretrial conference proceedings reported by a court reporter or recorded verbatim in any other way. There simply is no record in the district court that a pretrial conference ever took place.

Yet, in spite of the *sub rosa* nature of the pretrial conference, Sanders was visited with the ultimate sanction—dismissal of his case with prejudice—because his attorney failed to prepare for it. In my view, the pretrial conference was a nullity. A law clerk purported to preside (undoubtedly at the direction of the judge) over a proceeding from which, although held in a district court courtroom, the district judge completely absented himself, and which was not reported. Such a renegade, *ultra vires* procedure cannot be sanctioned.[2]

A final Rule 16(d) pretrial conference, presided over by a law clerk, from which the judge has deliberately absented himself, is *not* a pretrial conference within the meaning of Rule 16; therefore, counsel, or an unrepresented party, cannot be sanctioned for being unprepared for such a "conference."

---

2. Understandably, no one objected to the law clerk presiding over the pretrial conference. At oral argument, it appeared that this was the customary manner in which Judge Ideman conducted his pretrial conferences. Whether a person who is not a judicial officer may preside over a judicial proceeding in the

I therefore concur in the disposition reversing the imposition of sanctions and remanding the case to the district court.

absence of all jurisdiction, however, is a jurisdictional issue. *Cf. Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (a *judge* loses judicial immunity when acting "in the complete absence of all jurisdiction"). And jurisdictional issues cannot be waived.