**Emma J. CONNOLLY, Plaintiff,**

v.

**LAIDLAW INDUSTRIES, INC., Defendant.**

No. 96 C 6060.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 15, 1999.

Philip C. Stahl, Dawn Eileen Gard, Gripo & Elden, Ernest Thomas Rossiello, Melinda Higgens Bom, Ernest T. Rossiello & Associates, P.C., Elena M. Dimopoulos, Law Offices of Edward T. Stein, Chicago, IL, for Plaintiff.

Clare E. Connor, Tom H. Luetkemeyer, Timothy Gunn Shelton, Hinshaw & Culbertson, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff, Emma Connolly, has moved for attorney's fees and expenses on remand in this Title VII action. The Seventh Circuit directed this court to reevaluate its award of attorney's fees without basing its consideration on counsel's "refusal to meet with the district court judge's law clerk" for a settlement conference. *Connolly v. National School Bus Service, Inc.*, 177 F.3d 593, 599 (7th Cir.1999). When reviewing this court's award of fees, the Seventh Circuit affirmed the reduction of the requested hourly rates and the reduction of the resultant lodestar amount by half because of plaintiff's limited success. As to the court's further one-third reduction of the lodestar amount, which it based on its finding that counsel had unreasonably delayed settlement to increase his attorney's fees, the appellate court found that the court "had ample evidence before [it] of [counsel's] dilatory tactics." *Id.* at 598. It was troubled, however, by this court's reference to counsel's "peremptory dismissal of the court's law clerk, who was directed to speak to plaintiff and mediate between the parties during negotiations, which the court has found to be a successful method of facilitating settlement." *Id.* (citing *Connolly v. National School Bus Service, Inc.*, 992 F.Supp. 1032, 1040 (N.D.Ill.1998)). Because counsel had no obligation to engage in settlement discussions with a law clerk, the Seventh Circuit found that reliance on such a factor to reduce the fee award was improper.[1] It

1. A note of clarification about the underlying proceedings is necessary to understand the court's previous ruling. Although not mentioned in the Seventh Circuit's opinion, the settlement conference referred to by this court was actually a continued Rule 16(a) conference. The original Rule 16(a) settlement conference convened several weeks earlier in chambers. The clients were not present. Counsel for plaintiff refused a settlement offer of $25,000 that included attorney's fees. The court ordered the lawyers to produce

remanded the case for reconsideration of this issue.[2]

The court is confident that it in no way based its decision to further reduce the lodestar amount by one-third on counsel's refusal to engage in settlement or mediation with its law clerk. Rather, this decision was based on the court's witnessing counsel's repeated statements that "this case is all about fees" as well as his behavior, including the delay of settlement, supporting that sentiment. This court's mandatory settlement procedure requires the parties—not just counsel—to meet face-to-face to discuss settlement terms. It is this procedure that the court has found invaluable in facilitating settlement: having the *parties* to the suit meet to discuss settlement terms.[3] The court had ordered the parties to participate in a "face-to-face settlement conference on September 2, 1997." Docket entry of August 29, 1997. On the day in question, however, the court was delayed by other courtroom matters and could not meet with the parties at the requested time. It instructed the parties to proceed with the settlement conference without the court and informed them that the court would join the conference as soon as possible. The law clerk informed the court that instead of participating in the settlement discussions, the plaintiff was sitting by herself in a different room. When the plaintiff did join the conference, her counsel would not allow her to participate in the discussion. These tactics, which were merely observed by the court's law clerk, indicated to the court counsel's reluctance to follow the court's directive to engage in discussions with the plaintiff

present. The Seventh Circuit specifically noted that "the court believed that Rossiello refused the district court's order to conduct settlement negotiations with Connolly present because she might wish to accept an offer of settlement in her interests, but which did not meet those of Rossiello." *Id.* The court trusts that its reliance on a law clerk's observation of a situation is not an improper delegation of the court's power. No matter, as the court's direct observations of counsel's behavior that day were more than sufficient to support its decision. Plaintiff's counsel, without authorization from the court, released his client. By the time counsel returned to the courtroom to collect his belongings, the court was available and asked whether the parties had settled. At this point, however, counsel informed the court that the plaintiff had departed and was now unavailable for the court-ordered settlement conference. He then stated on the record that "this case was all about fees."

The court conducted another settlement conference on the day the case was scheduled for trial. It was during this conference that Rossiello offered, for the second time, his opinion that settlement negotiations were stalled because "this case was all about fees." The court also observed counsel's willingness to accept a much smaller settlement for his client—$10,000—than previously offered because it involved a chance to litigate his fees, which he claimed were more than $97,000. Even if the settlement conference the court's law clerk observed had never occurred, the court's finding that counsel unreasonably delayed settlement for his own benefit was

---

their clients for the September 2, 1997, face-to-face conference. It was on this date that the court instructed its law clerk to convene the parties and counsel to ascertain the status of negotiations until the court could join the conference. It was also at this conference that plaintiff's counsel refused to allow his client to participate.

**2.** The Seventh Circuit affirmed this court's fee award in all other respects. On remand, therefore, this court will address only the particular question of whether the court's de-

cision to reduce the lodestar amount by one-third was based in any way on counsel's refusal to meet with the district court's law clerk.

**3.** The court also oversees Rule 16(a) settlement conferences whenever the parties request it and had previously presided over a Rule 16(a) conference with counsel in this case. When that conference ended unsuccessfully, the court continued it so that the parties could be present.

amply supported by the court's observation of counsel's repeated behavior and attitude toward settlement. After reconsidering the factors supporting a one-third reduction in fees according to the Seventh Circuit's directive, the court reaches the same result. The court therefore awards plaintiff $23,281.16 in fees and expenses.

**ORDERED:** For the foregoing reasons, the court grants plaintiff attorneys' fees amount of $23,281.16.