In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1151

Emma J. Connolly,

Plaintiff-Appellant,

v.

Laidlaw, Inc., formerly known as
National School Bus Service Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 96 C 6060--George W. Lindberg, Judge.

Argued October 31, 2000--Decided November 21,
2000

Before Bauer, Kanne, and Rovner, Circuit
Judges.

Bauer, Circuit Judge. We first sampled this attorney's fees case in Connolly v. National Sch. Bus Serv., Inc., 177 F.3d 593 (7th Cir. 1999) ("Connolly I"), an appeal from the district court's award of $23,281.16 to plaintiff's attorney Mr. Earnest T. Rossiello, Connolly, 922 F. Supp. 1032 (N.D. Ill. 1998), who sought some $97,000. Unhappily, we take a second bite. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 437 (1982) ("A request for attorney's fees should not result in a second major litigation."); Estate of Borst v. O'Brien, 979 F.2d 511, 514 (7th Cir. 1992) ("We can think of few matters more wasteful of judicial resources than ancillary litigation over an attorneys' fee award."); Nanetti v. Univ. of Illinois at Chicago, 944 F.2d 1416, 1417 (7th Cir. 1991) ("Critics of our society's penchant for litigation could make a strong argument on the basis of attorney's fees litigation alone."); Ustrak v. Fairman, 851 F.2d 983, 987, 988 (7th Cir. 1988) ("Fee litigation has

become a heavy burden on the federal courts. It can turn a simple civil case into two or even more cases . . . [, which reinforces] our impression that lawyers litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue."). For economy, we assume an acquaintance with Connolly I, where we reviewed the district court's attorney's fee award for abuse of discretion, as we do again here. See Evans v. Evanston, 941 F.2d 473, 476 (7th Cir. 1991). Our deference leads us to affirm the district court's grant of $23,281.16 to Rossiello.

Rossiello raised three issues to us in his Connolly I appeal. First, he questioned the "market rate" used by the district court in its lodestar calculation. Second, he disputed the 50% reduction of the lodestar amount for achieving only "limited success" for his client. Third, he challenged the further reduction of the lodestar amount by 33% for his dilatory tactics. Our decision in Connolly I fully sided with the district court on its resolution of issues one and two. We remanded the third, asking the district court to clarify the extent to which Rossiello's refusal to meet with the judge's law clerk, a refusal we found to be well within his rights, factored into the 33% reduction.

Curiously, Rossiello attempts now, in Connolly II, to reargue issue two. In his brief, Rossiello complains that the district court only reconsidered the third issue, even though we "mandated" that the whole case be reconsidered. He further professes: "This court did not 'affirm in part and reverse in part.' It did not 'vacate.' It 'reversed andremanded.' Therefore, the entire motion for attorney's fees and costs was to have been reconsidered. The district court did not reconsider the entire award." Rossiello described the district court's misdeed as "disingenuous" and a "charade of the proceeding in this court." A reading of Connolly I shows Rossiello's argument to be pure sophistry.

The district court was correct in reconsidering only the third issue, as it was the only issue to be heard on remand. We affirmed the district court's decision on the market rate issue when we stated:

"We find no abuse of discretion in Judge Lindberg's awarding rates of $285/hour for Rossiello, $140/hour for Dimopoulos, $160/hour for Brom, and $175/ hour for Kelly." Connolly, 177 F.3d at 597. Likewise, we affirmed the district court's 50% lodestar reduction, by stating: "This is exactly the procedure Judge Lindberg followed in this case, and we find no abuse of discretion." Id. at 598. As to the third issue, we wrote:

  Contrary to Rossiello's contentions, Judge Lindberg had ample evidence before him of Rossiello's dilatory tactics. Given the deference we show to a district court judge's determination of reasonable attorney's fees, we would ordinarily affirm Judge Lindberg's reduction from the lodestar amount based on the record before us. Rossiello, however, legitimately complains of one factor Judge Lindberg relies on in reaching his decision.

* * *

  We conclude that it was an abuse of discretion to reduce the attorneys' fee award based on Rossiello's refusal to have the district court's law clerk mediate the case. On remand, the district court may well conclude that other factors besides the failure to meet with his law clerk merit a reduction in the attorneys' fee award due to unreasonable delay. We leave this decision to the sound discretion of the district court. The district court may not, however, consider Rossiello's refusal to meet with the district court judge's law clerk in determining whether Rossiello unreasonably delayed settlement.

Id. at 598-99. We regret Rossiello's confusion because it has wasted precious resources, but we believe that our mandate to the district court was clear. Therefore, since issues one and two were fully and fairly decided in Connolly I, we refuse to reopen them under the law of the case doctrine. See Payne for Hicks v. Churchich, 161 F.3d 1030, 1037 n.8 (7th Cir. 1998); Evans v. City of Chicago, 873 F.2d 1007, 1013-14 (7th Cir. 1989). Thus, on this appeal, we need only consider whether the district court abused its discretion on remand as to issue three.

  The district court's decision on remand

adequately addressed our concerns. The court clarified the basis for its decision to reduce the award by 33% because of Rossiello's dilatory tactics. These bases included Rossiello's repeated statements that "this case is all about the fees," Rossiello's refusal to conduct settlement negotiations with Connolly present because she might want to accept a settlement offer not in his interests, and Rossiello's repeated rejection of higher settlement offers. See Connolly, 77 F. Supp. 2d 903, 904-05 (N.D. Ill. 1999). Specifically as to the law clerk issue, the district court explained: "The court is confident that it in no way based its decision to further reduce the lodestar amount by one-third on counsel's refusal to engage in settlement or mediation with its law clerk." Id. at 904. We read this to mean that the district court concluded on remand that the other evidence of dilatory tactics, excluding Rossiello's refusal to mediate with the law clerk, merited the 33% reduction. Therefore, we AFFIRM.