NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 26, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2719

| | |
|---|---|
| WILLIAM CANNON, JR. | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 98 C 447 |
| | |
| ODIE WASHINGTON, et al., | David Herndon, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Illinois prisoner William Cannon, Jr., sued more than fifty persons after he was allegedly beaten by guards in 1996 and again in 1998. The district court initially concluded that Cannon had not exhausted his administrative remedies and granted summary judgment for the defendants, but in a previous appeal we rejected the court's exhaustion analysis as to the events in 1998. *Cannon v. Washington*, 418 F.3d 714 (7th Cir. 2005). On

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

remand, the case against the seven remaining defendants proceeded to a jury trial, where the defendants prevailed.  We affirm the judgment.

After our remand a magistrate judge issued a scheduling order for discovery and motions on Cannon's claim that the remaining defendants were liable for the 1998 attack. About six weeks later those defendants realized they had never filed an answer to Cannon's complaint, and so they tendered their answer along with a motion to file it.  The magistrate judge granted that motion the same day, and the answer was accepted by the clerk of the court.  A few days earlier, however, Cannon had mailed his motion for entry of a default judgment.  He reasoned that the defendants had effectively admitted his factual allegations by moving for summary judgment on the exhaustion question without first answering his complaint.  Cannon also mailed a separate motion asking for summary judgment on the same ground.  The magistrate judge, who received Cannon's motions after the answer had been filed, denied the motion for a default judgment and also recommended that the district court deny the motion for summary judgment.   The district court agreed.  On appeal Cannon makes no argument about the trial or the jury's verdict.  Instead he contends that he should have been awarded a default judgment (or summary judgment, but we discern no distinction between the two forms of relief that Cannon requested).

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that "has failed to plead or otherwise defend."  *See* FED. R. CIV. P. 55(a), (b)(2).  We review a district court's refusal to enter a default judgment for abuse of discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).  Although application of the prison "mailbox rule" may mean that, technically, Cannon's request for a default judgment was filed before the defendants sought leave to file their answer, *see Houston v. Lack*, 487 U.S. 266, 276 (1988); *Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), it makes no difference because Cannon cannot show that he was entitled to entry of a default.  The defendants had not refused to participate in the litigation—indeed, they had complied with discovery and were proceeding to dispute Cannon's claim on its merits.  Even in the absence of a responsive pleading, they had not failed to "otherwise defend" the suit. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 2008) (explaining that motions challenging sufficiency of pleadings are sufficient to "otherwise defend" against lawsuit); *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) (concluding that filing motion for summary judgment constitutes defense against lawsuit for purposes of Rule 55); *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D. Wis. 1984) (concluding that filing motion to dismiss constitutes defense against lawsuit for purposes of Rule 55).  Because the defendants were not in default, there was no basis to enter a default judgment.  Moreover, even if there had been a default, we would not remand for entry of a default judgment after a trial on the merits because "[u]sing a default judgment to strip the winner of its rights, in response to non-prejudicial neglect, cannot be

appropriate. It would be a pointless windfall." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968-69 (7th Cir. 2007)

Cannon also contends that in his previous appeal we should have overturned the district court's exhaustion analysis across the board and remanded his claim about the events in 1996, not just the assault in 1998. Cannon cannot use this appeal as a forum to seek reconsideration of our decision in the earlier one. *Starcon Int'l, Inc. v. Int'l Bhd. of Boilermakers*, 450 F.3d 276, 278 (7th Cir. 2006); *Connolly v. Laidlaw, Inc.*, 233 F.3d 451, 453 (7th Cir. 2000); *Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1065-66 (7th Cir. 1999).

AFFIRMED.