In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-1003

JAMES GASTINEAU AND CHRISTY GASTINEAU,

*Plaintiffs-Appellants,*

*v.*

DAVID M. WRIGHT AND WRIGHT & LERCH,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:04-cv-00633—**Larry J. McKinney**, *Judge.*

ARGUED NOVEMBER 13, 2009—DECIDED JANUARY 19, 2010

Before KANNE and TINDER, *Circuit Judges*, and GRIESBACH, *District Judge.*[1]

KANNE, *Circuit Judge.* This is an appeal by Robert Duff, attorney for the plaintiffs-appellants, from the district court's corrected order on plaintiffs' motions for attorney's fees. Following a settlement on the first scheduled day of trial for the sum of $45,045.77, Duff submitted a motion

---

[1] Hon. William C. Griesbach, District Judge for the Eastern District of Wisconsin, sitting by designation.

requesting $140,290.00 in fees.[2] In its discretion, the district court determined that Duff's experience and performance warranted much less, awarding $52,305.00 in fees. Duff argues that the district court erred in determining a reasonable fee by reducing his billable rate and the number of hours billed. Because we find that the judge did not abuse his discretion in setting the amount of the fee, we affirm.

We review the district court's award of attorney's fees for an abuse of discretion, *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 615 (7th Cir. 2009), and we review *de novo* the district court's legal conclusions and methodology for calculating the award, *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (*citing Jaffee v. Redmond*, 142 F.3d 409, 412-13 (7th Cir. 1998)). An abuse of discretion occurs if the district court reaches erroneous conclusions of law or premises its holding "on a clearly erroneous assessment of the evidence." *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 654-55 (7th Cir. 2007) (internal quotation marks omitted). Because the district court is in a better position to evaluate an attorney's merit in determining a reasonable fee, we review the court's fee award under a "highly deferential" version of the abuse-of-discretion standard. *See*

---

[2]  Although the district court initially misstated the amount of fees requested for Duff's law clerk as "$1,115.50," rather than "$11,115.00," that misstatement was not used in the actual calculation of fees to be awarded for the work of the law clerk. (App. at 7.)

*Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 857 (7th Cir. 2009).

The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id*. at 856 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). If necessary, the district court has the flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id*. at 856-57. "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) *(quoting Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)).

Duff argues that the district court abused its discretion by lowering his hourly rate from $250 to $150 based on his lack of experience. Duff also contends that the court's additional reduction in the amount of hours reasonably billed constituted an impermissible double penalty.

In deciding a reduction was warranted, the district court observed that Duff became involved in the Gastineaus' case approximately three years after the action commenced, and was the third attorney to represent the Gastineaus. Despite Duff's asserted thirteen years of litigation experience and consumer law practice, this case represented his first Fair Debt Collection Practices Act ("FDCPA") case to progress through discovery to trial; his only other FDCPA case resulted in a default judgment.

Furthermore, in this case Duff assumed the Gastineaus' representation *after* substantial discovery work and motions practice had been completed. As the district court noted, the two affidavits that Duff offered in support of his rate are wholly inapposite. Moreover, the defendants' submission of an affidavit from Indiana attorney Charles Leone, who has substantial experience in the area and opined that Duff's request was unreasonably excessive, gives credence to the court's determination. The court also considered the fact that the prior attorney for the Gastineaus, although suspended from practice,[3] billed at a rate of $150.00 per hour. In fact, it was the prior attorney who successfully defended against the defendants' summary judgment motion.

As the district court explained, because Duff became involved so late in the case, it should have been a relatively straightforward FDCPA action. The court concluded that although Duff negotiated a final settlement, it was inappropriate that a substantial portion of the hours billed were to compensate him for learning this area of the law. This conclusion was not clearly erroneous. The record reflects that Duff was learning while litigating this case and neither commanded the rate requested nor earned the amount of time billed. The district court considered in meticulous detail Duff's billing entries and the remainder of his arguments in calculating the lodestar fee. As the district court noted, "Duff does not offer any evidence from

---

[3] Attorney Cloyd was suspended from practice for unrelated matters.

any attorney of 'reasonably comparable skill, experience, and reputation' to support his requested hourly rate or his expenditure of over 500 hours on the case." (App. at 2.)

This is clearly the case of an experienced district judge that considered the various factors in setting a reasonable attorney's fee and provided a sufficient explanation. Because there was no abuse of discretion, we AFFIRM.