**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3035
_____

UNITED STATES OF AMERICA

v.

MICHAEL HEINRICH,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 1-17-cr-00013-001
District Judge: Honorable David S. Cercone

Argued June 18, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and PORTER,
*Circuit Judges*

(Filed: August 18, 2020)


Adam N. Hallowell          **[ARGUED]**

Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA  15219
        *Counsel for Appellee*

Samantha Stern                    **[ARGUED]**
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA  15222
        *Counsel for Appellant*

_____

OPINION

_____


SMITH, *Chief Judge.*

Michael Heinrich pleaded guilty to the production of child pornography.  On appeal, he challenges the District Court's pretrial exclusion of his proffered expert evidence.

## I

After a four-year-old told her parents that Heinrich, a family friend, had pulled her pants down and taken pictures of her, Pennsylvania state police conducted a consensual search of Heinrich's electronic devices looking for child pornography. Police found over a dozen sexually explicit images and/or

2

videos of two children.

Heinrich was charged with fifteen counts of using or inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, in violation of 18 U.S.C. § 2251(a), as well as one count of possessing material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). Heinrich admitted both to taking the pictures and videos and that they depicted sexually explicit conduct. He nonetheless planned to defend himself against the production charges by claiming he lacked the specific intent required under § 2251(a). To this end, Heinrich proffered an expert witness: psychologist Robert Schwartz.[1] The government moved to exclude the proffered

---

[1] Dr. Schwartz planned to testify on a range of topics, including (1) a physical and behavioral description of Heinrich; (2) Heinrich's tragic childhood and family background; (3) Heinrich's self-reported sexual history; (4) his impressions and the significance of the Abel and Look Assessments, which suggest that Heinrich is not sexually interested in minors; (5) his impressions and the significance of other psychological tests performed on Heinrich indicating a sexual interest in adult women, lack of interest in sexual deviance, and a depressed outlook on life; (6) his impressions of Heinrich's hoarding behavior, of which he believes photography is a manifestation; (7) his impressions of statements made by Heinrich during the course of his evaluation; and (8) his impressions of statements made by Heinrich's sister and son during the course of his evaluation. Ultimately, Dr. Schwartz sought "to testify that it is his impression, given his background and expertise, that Mr. Heinrich intended to merely capture the minors' beauty and

evidence, arguing that it was inadmissible (1) to negate the requisite mens rea because the charged offenses were general intent crimes, and (2) under Federal Rules of Evidence 401, 403, 702, or 704(b).[2]

After a pretrial hearing on the applicability of Rule 704(b),[3] the District Judge's law clerk conducted a telephonic status conference, "advis[ing counsel] that the court was intending to grant the government's motions to exclude defendant's expert testimony." Heinrich Br. 16 (quoting App. 2). The law clerk explained that the basis for the exclusion was Rules 403 and 704(b) and that a written opinion would be forthcoming. No opinion or order was ever docketed. Notably, the District Judge did not participate in the telephone status conference. The call went unrecorded and has not been transcribed.

Based on what appeared to be an evidentiary "ruling," Heinrich entered a conditional guilty plea to three counts of violating § 2251(a). He reserved the right to appeal the exclusion of the proposed expert evidence. Heinrich now argues, among other things, that we should remand this case to the District Court because the evidentiary exclusion under

---

innocence in his photographs. . . . [H]e did not intend to create child pornography when he photographed the minors in this case." App. 73–74.

[2] The District Court ruled that the production of child pornography under § 2251(a) is a specific intent crime. We need not decide whether that ruling was correct.

[3] At that hearing, the District Court focused exclusively on Rules 401 and 704.

Rules 403 and 704(b) was erroneous.

## II[4]

As this appeal centers on a decision to exclude the proffered expert evidence, we review for an abuse of discretion. *See United States v. Greenspan*, 923 F.3d 138, 151 (3d Cir. 2019). A court "necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990). It also abuses its discretion if its decision "rests upon a clearly erroneous finding of fact . . . or an improper application of law to fact." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017).

## III[5]

Under Rule 403, a district court has broad discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Although "a detailed balancing statement in each and every case is unrealistic," *United States v. Eufrasio*, 935 F.2d 553, 572 (3d Cir. 1991) (quoting *United States v. Long*, 574 F.2d 761, 766

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

[5] Heinrich initially claims that exclusion of the proposed evidence deprived him of the right to present a defense under the Fifth Amendment Due Process Clause and the Sixth Amendment. We do not address that argument here.

(3d Cir. 1978)), we have a strong preference that a district court explicitly engage in some 403 balancing on the record. *See, e.g.*, *Egan v. Del. River Port Auth.*, 851 F.3d 263, 277 (3d Cir. 2017) ("[W]e strongly prefer that the District Court explain how it balanced the Rule 403 considerations."); *Long*, 574 F.2d at 766 ("Where an objection does invoke Rule 403, the trial judge should record his balancing analysis to the extent that his exercise of discretion may be fairly reviewed on appeal."). When a trial court engages in such a balancing process and articulates on the record the rationale for its conclusion, its determination is rarely disturbed. *See United States v. Sampson*, 980 F.2d 883, 889 (3d Cir. 1992); *Gov't of the Virgin Islands v. Pinney*, 967 F.2d 912, 918 (3d Cir. 1992).

If the record fails to include an explicit Rule 403 analysis, "we either 'decide the trial court implicitly performed the required balance; or, if we decide the trial court did not, we undertake to perform the balance ourself.' We have declined to balance those factors de novo only where a district court said nothing about particular evidence's probative value or prejudicial effect." *Greenspan*, 923 F.3d at 151 (quoting *Eufrasio*, 935 F.2d at 572). Stated differently, we may decline to perform our own balancing exercise "[w]here [the trial court's] rationale is not apparent from the record, [meaning] there is no way to review its discretion." *Sampson*, 980 F.2d at 889; *see also United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014) ("The reasoning underlying the Court's Rule 403 balancing was not apparent from the record. This omission provides an independent ground for reversal.") (citations omitted); *Pinney*, 967 F.2d at 917–18 (where the trial court's reasoning is not apparent from the record, "[w]e are . . . unable

6

to defer to the . . . trial court"). Grounds for reversal therefore exist where a record lacks both an explicit Rule 403 balancing and any discussion of the district court's rationale.[6]

While we could conduct our own Rule 403 balancing here, or hold that the District Court implicitly balanced, we will refrain from doing so for three reasons.

First, our ability to review for an abuse of discretion is severely hampered if we are unable to derive from the record a district court's rationale for excluding the expert's proffered evidence. Here, the record before us lacks any meaningful discussion by the District Court of Rule 403. Not only did the District Judge fail to explicitly apply the balancing test, he neglected to even mention probative value or the potential for prejudice.

Second, a district judge is always better positioned than we are to engage in a thorough Rule 403 analysis in the first instance. "The trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused a party by a piece of evidence. The appellate judge works with a cold record, whereas the trial judge is there in the courtroom." *Long*, 574 F.2d at 767; *see also United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010) ("[l]ike any balancing test,

---

[6] This Court has also refused to engage in a de novo Rule 403 balancing where a district court's analysis was a mere token effort. *See Caldwell*, 760 F.3d at 284 (remanding the case where the entirety of the district court's analysis consisted of re-iterating several passages found in the Federal Rules of Evidence).

7

the Rule 403 standard is inexact, requiring sensitivity on the part of the trial court to the subtleties of the particular situation, and considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge") (internal quotation marks and citations omitted); *Construction Ltd. v. Brooks-Skinner Building Co.*, 488 F.2d 427, 431 (3d Cir. 1973) ("The task of assessing potential prejudice is one for which the trial judge, considering his familiarity with the full array of evidence in a case, is particularly suited."). Normally, a record is sufficiently detailed to enable meaningful appellate review, but we are not dealing with the typical case. Rather, both parties ask us to undertake a de novo assessment of expert evidence where we have little to review. Such an analysis is best left to the District Court in this instance.

Third, and most importantly, there simply could not have been an exercise of discretion here because the District Judge failed to issue any ruling excluding either the proposed expert report or any testimony. District judges have broad powers, some of which they may properly delegate to a law clerk, who serves as a "judicial adjunct." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 599 (7th Cir. 1999). But a law clerk's "duties and responsibilities are to assist [a] judge in his work, not to be the judge." *Id.* Problems arise when a law clerk engages—whether through his own initiative or at the behest of his or her judge—in judicial tasks that are non-delegable. *Compare Sanders v. Union Pac. R.R. Co.*, 193 F.3d 1080 (9th Cir. 1999) (judge erred by directing law clerk to preside over final pretrial conference), *and Connolly*, 177 F.3d 593 (counsel had no obligation to allow law clerk to mediate dispute, despite judge ordering the parties to participate), *and*

*Riley v. Deeds*, 56 F.3d 1117 (9th Cir. 1995) (law clerk erroneously convened court, in absence of the judge, to read back testimony for jury), *with United States v. Long*, 301 F.3d 1095 (9th Cir. 2002) (no error where law clerk read the jury's question into the record and discussed alternative *Allen* charges with counsel while waiting for the judge to arrive).

In this case, the District Judge's law clerk conducted a one-hour-and-fifteen-minute unrecorded and untranscribed telephone conference where he advised counsel that the Judge intended to exclude the proposed expert report under Rules 403 and 704(b). The law clerk also stated that an "opinion to support this ruling" would be forthcoming. Heinrich Br. 16. Since this conference call did not involve the District Judge, and because no formal ruling, order, or opinion was ever docketed, we are left in the unenviable position—indeed, impossible position—of attempting to review an adjunct-presented non-ruling that caused the Defendant to plead guilty rather than proceed to trial.

We again renew our admonition that district courts articulate their Rule 403 reasoning on the record. *See Egan*, 851 F.3d at 277. A basic part of the balancing process requires making a record.[7] It is simple to do and essential to effective

[7] We emphasize that it is also the responsibility of counsel to ensure that the record is accurate and complete. Here, the parties should have insisted that the Court issue a ruling excluding the proffered expert evidence, if that was the District Judge's intent. *See, e.g.*, *Caldwell*, 760 F.3d at 284 (government requested explicit Rule 403 balancing for the record).

appellate review.

We also expect a district judge to assure that no inappropriate assumptions of judicial authority or appearances thereof occur either in chambers or through communications with parties, counsel, or the public. Regrettably, the District Judge's unusual and inappropriate delegation of this telephone conference to his law clerk (if, in fact, that is what transpired here), created serious appearance problems.

For these reasons, we will not as a panel undertake a de novo Rule 403 analysis.

## IV

We are also disinclined to perform a de novo Rule 704(b) analysis as to the proffered expert evidence. Although the District Court devoted a full hearing to address the applicability of 704(b), it failed to issue any associated ruling. Moreover, it is unclear from the record what elements of the report the District Court allegedly intended to exclude under Rule 704(b) as opposed to Rule 403. As these and other previously mentioned issues have obstructed our ability to review for an abuse of discretion, the District Court should bear the burden of rectifying the situation.

## V

Considering the circumstances, we will vacate the judgment and remand the case to the District Court for an explicit ruling on the government's motion to exclude, to be accompanied by a detailed memorandum opinion on the

proffered expert evidence setting forth the Court's findings and conclusions.